**Demush CELAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–1591–AG.**

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Charles Christophe, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Leonid Feller, Assistant United States Attorney, Detroit, MI, for Respondent.

Present JON O. NEWMAN, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Demush Celaj, a native of Montenegro and citizen of Serbia–Montenegro, seeks review of a March 14, 2006 order of the BIA affirming the October 25, 2004 decision of immigration judge ("IJ") Noel Brennan denying Celaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Demush Celaj*, No. A78 223 749 (B.I.A. March 14, 2006), *aff'g* A78 223 749 (Immig. Ct. N.Y. City Oct. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, that is, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review questions of law de novo. *See Islami. v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

Because the BIA rejected the IJ's adverse credibility finding, we review only the IJ's conclusion, affirmed by the BIA, that the government successfully rebutted any presumption of future persecution. *See id.* at 395. The IJ found, based on the State Department country conditions material, that the situation in Serbia–Montenegro had improved considerably since Celaj's claimed incidents of past persecution and that Celaj therefore did not have a well-founded fear of future persecution. The IJ noted that the 2003 State Department Report on Human Rights Practices indicated that general conditions had improved since 1999 and that the 2004 Report stated that there were no restrictions on minority political participation and that there were eleven ethnic minorities in the legislature. The BIA adopted and affirmed the IJ's findings, and additionally took administrative notice of the most recent State Department Report on Human Rights Practices for Serbia–Montenegro, which was released in 2005 and noted continued minority representation in the government of Serbia–Montenegro.[1]

This Court has warned against overreliance on State Department country condition evidence in evaluating the objective reasonableness of an applicant's fear of future persecution, obligating the agency to consider any countervailing evidence offered by the applicant. *See, e.g., Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Here, however, the agency's conclusion that Celaj's presumption of future persecution is rebutted by a fundamental change country conditions is substantially supported by the record as a whole. The agency also considered country condition materials submitted by Celaj, as well as his oral and written testimony and documentary evidence, and the State Department reports provided a sufficient basis upon which to determine that the presumption of a well-founded fear of future persecution was adequately rebutted by a fundamental change in country conditions.

Because Celaj was unable to show the objective likelihood of persecution needed

---

1. The BIA has authority to take administrative notice of current events bearing on an applicant's well-founded fear of future persecution or the contents of official documents. 8 C.F.R. § 1003.1(d)(3)(iv); *Yang v. McElroy*, 277 F.3d 158, 162 n. 4 (2d Cir.2002).

178

to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See, e.g., Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Additionally, as there is no evidence in the record indicating a likelihood of torture, the agency's denial of CAT relief was also appropriate. *See, e.g., Wang v. Ashcroft*, 320 F.3d 130, 144 & n. 20 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).